# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BERNARD LEE,<br><br>    Plaintiff,<br>vs.<br>THE ARRESTING OFFICER OF SAN DIEGO POLICE DEPT., et al.,<br><br>    Defendant. | CASE NO. 10cv2178<br><br>**ORDER OF DISMISSAL** |

Plaintiff Anthony Lee, who appears to be a prisoner in state custody, filed his pleading, styled as a petition for writ of coram nobis, without paying a filing fee or submitting an application to proceed *in forma pauperis*.

The petition claims a San Diego police officer, identified in the body of the pleading as John Carroll, illegally arrested Lee and searched his vehicle on September 5, 2007. The complaint says Carroll had no legitimate reason to arrest Lee, but did so purely out of racial animus. The allegations make clear the arrest led to Lee's prosecution, although they don't say whether he is now in prison for that crime, as opposed to some other crime. The allegations are conclusory, rather than factual.

Besides the fact that Lee didn't pay the filing fee and doesn't seek to proceed *in forma pauperis*, the complaint isn't a petition for writ of coram nobis. Based on the relief sought, it appears to be some combination of a petition for writ of habeas corpus (because he seeks "remedial measures to restore [his] rights") and claims for relief under 42 U.S.C. § 1983

(because he seeks equitable relief preventing future arrests and searches, as well as $7 million in damages for violating his rights and causing him to be imprisoned).

The petition does not give any basis for the Court's exercise of jurisdiction, and various jurisdictional problems or procedural bars are evident. For example, Lee asks the Court to declare the state judgment against him invalid. If he is seeking to attack some judgment other than the one for which he is in prison, *e.g.,* a civil judgment, this claim runs afoul of *Rooker-Feldman*. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine bars de facto appeals of state court judgments). If it is a criminal conviction, the writ of coram nobis is not available at all, because federal coram nobis is not available for state convictions. *Henslev v. Municipal Court*, 453 F.2d 1252, 1252 n.2 (9th Cir. 1972), *rev'd on other grounds*, *Hensley v. Municipal Court*, 411 U.S. 345 (1973) ("We are unable to treat this petition as one seeking coram nobis relief because Hensley seeks to challenge a state court proceeding in federal court. Coram nobis lies only to challenge errors occurring in the same court.")

Lee asks the Court to enjoin some kind of ongoing investigation or prosecution. Even if the Court were to accept Lee's conclusory allegations as true, the Court has no basis for enjoining any criminal investigation against him, and enjoining a criminal prosecution would be forbidden by the Anti-Injunction Act of 1793. His request that the Court issue an injunction barring San Diego police from arresting him is either moot or unripe, bearing in mind that he is currently in prison in Sacramento.

The petition makes clear Lee has only sought relief in this Court. Therefore if he is seeking to collaterally attack the conviction for which he is currently in prison,[1] his claim is barred by AEDPA's exhaustion requirements.

Finally, Lee has taken no steps to serve Defendants or prosecute this action. Ordinarily the Court would issue an order requiring him to either pay the filing fee of $350 or submit a motion to proceed *in forma pauperis*. If he paid the fee, the Court would then

---

[1] The petition, which is short on detail, doesn't say or imply this, but it also doesn't rule out the possibility either.

1  require him to show cause why the action should not be dismissed for failure to serve and
2  for failure to prosecute. But in this case, it is apparent his claims cannot succeed even if he
3  were given leave to amend.
4     This action is therefore **DISMISSED WITHOUT PREJUDICE BUT WITHOUT LEAVE**
5  **TO AMEND**.
6     **IT IS SO ORDERED**.
7  DATED: April 9, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge